PARDEE *against* REID and ARNOLD.

THE *capias ad respondendum* was returned the 1st day of last October term ; the declaration was filed *de bene esse,* and rule to plead entered, and notice thereof affixed in the Clerk's office, on the 10th of Nov. 1824 ; and on the 10th of Dec. thereafter, common bail was filed, and a default entered. But on the 6th of December, a special bail piece had been filed by the defendant, notice whereof was afterwards given, but not till the 20th of December, and after the default had been entered.

*M. T. Reynolds,* for the defendant, moved to set aside the default as irregular, it having been entered before the 4 full days had expired after filing special bail. He cited 1 R. L. 324, *s.* 5, and *Lispenard* v *Baker,* (6 John. Rep. 323.)

*S. A. Foot,* contra.

*Curia.* The plaintiff's attorney was not bound at his peril to know whether special bail was in. To require this, would drive him to a search in all our Clerk's offices. Special bail is not regularly in, until notice is given to the plaintiff's attorney. This case is as if no special bail piece had been filed ; and double the time for putting in special bail having elapsed, the filing common bail and entry of the default were regular. The motion must be denied.

Motion denied.

The plaintiff's attorney is not bound to regard the filing a special bail piece, unless he have notice of it ; and tho' special bail be actually in, without notice, the filing common bail. and entry of a default, after the ordinary time, is proper, even within the 4 days after special bail is filed.